

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

4-19-2004

# USA v. Katzin

Precedential or Non-Precedential: Non-Precedential

Docket No. 02-2407

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"USA v. Katzin" (2004). *2004 Decisions.* Paper 818.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/818

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

<u>**NOT PRECEDENTIAL**</u>

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 02-2407
_____

UNITED STATES OF AMERICA,

v.

MARK LOUIS KATZIN, SR.,

Appellant

_____

ON PETITION FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

(Dist. Court No.  00-cr-00456-4)
District Court Judge: Hon. Harvey Bartle, III

Submitted Under Third Circuit LAR 34.1(a)
March 30, 2004

Before: ALITO, ALDISERT, and BECKER <u>Circuit Judges</u>

(Opinion Filed:   April 19, 2004)

_____

OPINION OF THE COURT
_____

PER CURIAM:

As we write only for the parties involved, we will not restate all of the facts. Mark Louis Katzin, Sr. appeals the District Court's judgment of conviction and sentence on four grounds. Katzin argues that the District Court erred by: (i) holding that there was sufficient evidence to support the jury's verdict of guilty; (ii) qualifying the case agent, Kenneth Bellis ("Agent Bellis"), as an expert and allowing him to present expert testimony regarding how drug dealers operate, without providing the defense with an expert report; (iii) allowing the government to present evidence of Katzin's flight after his arrest and pretrial release; and (iv) admitting into evidence items seized pursuant to warrants obtained by the Pennsylvania Office of Attorney General. Katzin argues that the District Court's errors entitle him to a judgment of acquittal or a new trial. We find Katzin's claims to be without merit and therefore affirm.

**I.**

Katzin was convicted of conspiracy to distribute in excess of 500 grams of methamphetamine, in violation of 21 U.S.C. § 846, and of using a communication facility in furtherance of a drug offense, in violation of 21 U.S.C. § 843(b).

> We apply a particularly deferential standard of review when deciding whether a jury verdict rests on legally sufficient evidence. It is not for us to weigh the evidence or to determine the credibility of the witnesses. Rather, we must view the evidence in the light most favorable to the government, and will sustain the verdict if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. Thus, a claim of insufficiency of the evidence places a very heavy burden on an appellant.

-2-

United States v. Cothran, 286 F.3d 173, 175 (3d Cir. 2002) (internal quotations and citations omitted).

For essentially the reasons stated in the District Court's Memorandum Opinion of April 30, 2002, at 5 - 8, we hold that the defendant's convictions are supported by ample evidence. On the conspiracy conviction, the defendant's primary argument is that the evidence showed no more than his participation in simple buyer-seller relationships, but we do not agree and do not think that this case is analogous to United States v. Pressler, 256 F.3d 144 (3d Cir. 2001). Here, the defendant does not contest the existence of a conspiracy but merely argues that the evidence was insufficient to establish that he joined the conspiracy. Moreover, there was telling evidence that he did join. This proof included evidence that the defendant's relationship with co-conspirators continued for a significant period of time, that the defendant was familiar with the coded language used by the conspiracy, and that the defendant sold drugs on credit, thus giving him a stake in the buyer's operation.

There was also sufficient evidence to prove that the defendant used a telephone to facilitate the conspiracy. The jury heard hours of conversations between the co-conspirators, including Katzin. In these communications, the co-conspirators referred to specific individuals, locations, and events concerning drug transactions, and used a common code to do so. Many of these communications were by telephone, and they were intercepted and recorded.

In attacking his conviction on the telephone count, the defendant notes that a key transaction to which an agent testified was not captured on videotape. However, the agent testified about the transaction, and it was for the jury to assess the agent's credibility and the weight that his testimony should be given. Under our standard of review, there was more than enough evidence to prove the defendant's guilt.

**II.**

Citing <u>Daubert v. Merrell Dow Pharmaceuticals</u>, 509 U.S. 579 (1993), Katzin contends that the government should not have been permitted to offer expert testimony by Agent Bellis because the government did not provide the defense with any "report" prepared by Agent Bellis in advance of trial. We reject this argument.

The government's principal discovery obligations regarding Agent Bellis's expert testimony are set out in FED. R. CRIM. P. 16(a)(1)(G), which requires that, at the defendant's request, the government shall disclose to the defendant "a written summary" of expert testimony, providing "the witness's opinions, the bases and reasons for those opinions, and the witness's qualifications." Prior to trial, the defense was provided with, among other pertinent documents, a 469 page affidavit in which Agent Bellis explained how, based on his experience and training, he identified the calls with cryptic language, codes, and drug jargon used by the co-conspirators, and provided his opinion regarding the meaning of the calls. Supp. App. 856-1325.

The defendant next argues that Agent Bellis was not qualified as an expert.

However, Bellis's qualifications were thoroughly explored during voir dire, and the defense did not object to his certification as an expert. We have reviewed the record, and we conclude that the District Court did not abuse its discretion in qualifying Agent Bellis as an expert and permitting him to testify based on his expertise. We find no merit in Katzin's argument concerning coded drug jargon, because the subject matter of the testimony only defined words outside their ordinary usage.

### III.

Katzin argues that the District Court erred in allowing the government to present evidence of other crimes without complying with the defense request for discovery. Specifically, the government introduced evidence that, following Katzin's pretrial release and before the scheduled trial date, Katzin violated the conditions of pretrial release by becoming a fugitive. He remained in a fugitive status until he was arrested by Deputy United States Marshals while he was hiding in a closet in his residence. Because this objection was not presented before the District Court, our review of the admission of evidence of evidence of flight is for plain error. United States v. Boone, 279 F.3d 163, 174 n.6 (3d Cir. 2002).

We have consistently held that "evidence of a defendant's flight after a crime has been committed is admissible to prove the defendant's consciousness of guilt." United States v. Punigitore, 910 F.2d 1084, 1151 (3d Cir. 1990); see also United States v. Green, 25 F.3d 206, 210 (3d Cir. 1994) (same). We hold such evidence admissible as

circumstantial evidence of guilt to be considered with the other facts of the case. United States v. Miles, 468 F.2d 482, 489-90 (3d Cir. 1972). In fact, the District Court charged the jury to consider the evidence only for proper purposes. Supp. App. 583 ("Whether or not evidence of flight or concealment shows a consciousness of guilt, and the significance, if any, to be attached to such a circumstance are matters for determination by you, the jury."). Evidence of flight is not considered inadmissible under FED. R. EVID. 404(b). We find no error here.

## IV.

Katzin contends that agents of the Pennsylvania Office of Attorney General, Bureau of Narcotics Investigation and Drug Control, had no authority under state law to obtain the warrants which were issued by state officials. Katzin claims that absent a valid request by a local district attorney, the Pennsylvania Office of Attorney General lacked authority to apply for search warrants, and therefore, the evidence seized pursuant to warrants should have been suppressed. Because this objection was not presented before the District Court, our review of the admission of evidence obtained during the Attorney General's investigation and prosecution of Katzin is for plain error. Boone, 279 F.3d at 174 n. 6.

This Court does not exclude evidence seized pursuant to a state warrant provided that the warrant was sufficient under federal law, regardless of the state law. See United States v. Williams, 124 F.3d 411, 428 (3d Cir. 1997); United States v. Stiver, 9 F.3d 298,

300 (3d Cir. 1993). The requirements for a warrant to be properly issued under federal law are that it must have been issued by a neutral and detached magistrate, and it must have been based on probable cause. U.S. CONST. amend. IV. Katzin does not dispute that those requirements were met in this case. Therefore, we will affirm the District Court's admission of the evidence seized pursuant to the Attorney General's search warrants.

## V.

We find no merit in the defendant's arguments, and we therefore affirm.